UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN WINDER,<br><br>    Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 12-1048 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Karen Winder filed this action on July 3, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on August 1 and 9, 2012. (Dkt. Nos. 8, 9.) On January 25, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

I.

## PROCEDURAL BACKGROUND

On December 15, 2008, Winder filed an application for supplemental security income and alleged a disability onset date of January 1, 2000. Administrative Record ("AR") 22. The application was denied initially and on reconsideration. AR 52-53. Winder requested a hearing before an Administrative Law Judge ("ALJ"). On February 11, 2011, the ALJ conducted a hearing at which Winder, her fiancee and a vocational expert ("VE") testified. AR 32-51. On March 3, 2011, the ALJ issued a decision denying benefits. AR 19-28. On May 23, 2012, the Appeals Council denied the request for review. AR 1-6. This action followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Winder had the severe impairments of curvature of the spine and obesity. AR 24. She did not have an impairment or combination of impairments that met or equaled a listing. *Id.* She had the residual functional capacity ("RFC") to perform a range of light work except that she "must have a sit or stand option; she is able to occasionally climb ramps and stairs; and she can occasionally stoop, kneel, crouch, crawl, and perform overhead reaching." *Id.* Winder has no past relevant work, but can perform jobs that exist in significant numbers in the national economy such as assembler - small products, information clerk and office helper. AR 27.

### C. Step Five of the Sequential Analysis

At step five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing

that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2" (the "grids"). *Id.*

"Where a claimant suffers only exertional limitations, the ALJ must consult the grids. Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id.* at 1115. The Grids are inapplicable when "a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations."[1] *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citation and quotation marks omitted). "Nonexertional impairments may or may not significantly narrow the range of work a person can do." Social Security Ruling ("SSR") 83-14.[2] When nonexertional limitations do not limit significantly the range of work permitted by the claimant's exertional limitations, use of the Grids is appropriate. *Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 577 (9th Cir.1988).

The ALJ's RFC assessment stated that Winder was limited to occasional[3] overhead reaching. AR 24. The hypothetical to the VE included that limitation. AR 48. In response, the VE testified that Winder could perform jobs such as

---

[1] Nonexertional limitations include "postural and manipulative limitations such as difficulty reaching, handling, stooping, climbing, crawling, or crouching." *Lounsburry*, 468 F.3d at 1115; *see also* 20 C.F.R. § 404.1569a(c)(vi).

[2] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[3] The term "occasional" is defined as "very little up to one-third of the time," *i.e.*, "no more than about 2 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, *5.

assembler - small products, information clerk and office helper. AR 48-49. The VE testified that his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). AR 50.

The DOT indicates that all three jobs identified by the VE require frequent reaching, with frequent being defined as 1/3 to 2/3 of the workday. (DOT 706.684-022 (assembler, small products), 237.367-018 (information clerk), 239.567-010 (office helper).) The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

Winder argues that Department of Labor describes "reaching" as "extending hand(s) and arm(s) in any direction," and SSR 85-15 uses the same description. JS 6-7; *see also The Revised Handbook for Analyzing Jobs* (1991); SSR 85-15, 1985 WL 56857, at *7. The Commissioner argues that the word "reaching" does not necessarily require overhead reaching. This argument was addressed in *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006). In *Prochaska*, the claimant argued her RFC included a limitation that she could "occasionally reach above shoulder level" whereas the job identified by the VE required "reaching" frequently under the DOT. *Id.* at 736. The Seventh Circuit concluded that "there is an unresolved potential inconsistency in the evidence that should have been resolved." *Id.* "It is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help." *Id.* The language of the *Prochaska* decision was quoted by the Ninth Circuit in *Massachi v. Astrue*, 486 F.3d 1149, 1153 & n.13 (9th Cir. 2007); *see also Mkhitaryan v. Astrue*, 2010 WL 1752162, at *3 (C.D. Cal. 2010) ("As defined in the [Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles], the plain meaning of 'reaching' encompasses above-the-shoulder reaching.").

Under these circumstances, the ALJ is required to determine whether a

conflict exists and, if so, "whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles*." *Massachi*, 486 F.3d at 1153; *see also* SSR 00-4p, 2000 WL 1898704 at *3. An example of such an explanation would be information about a particular job's requirements as it is performed in specific settings that is not contained in the DOT. *Id.* The VE did not specifically address whether Winder's limitation on overhead reaching would preclude any of the jobs he identified. Therefore, the record does not contain any basis for the VE's deviations and this court cannot determine whether the ALJ properly relied upon his testimony. *Massachi*, 486 F.3d at 1153 & n.19.

The remedy under these circumstances is a remand so the ALJ may conduct the appropriate inquiries. *Id.* at 1154.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings at step five of the sequential analysis consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 6, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge